Labadve, J.
This suit is brought to recover of the defendants; in soMdo, the sum of $12,000, for engines, machinery, etc., furnished to steamer America by the plaintiff, under the following contract:
“New Orleans, January 18, 1865.
“ I do agree to build and erect machinery of the following dimensions and descriptions for the vessels.
“For each vessel, one tubular boiler forty-eight inch shell" and fourteen feet long; two engines ten-inch cylinder three-feet stroke, with all the appurtenances pertaining thereto, complete; all of which to be of the first-class, both as to material and workmanship. I do also agree to furnish all the iron-work in connection with the machinery, and direct the construction of the wood-work for the same; the diameter of the wheels to be sixteen feet, breadth of the buckets four feet; all of which I d6 agree to do, and test under steam, for and in consideration of the sum of $18,000, $3,000 to be paid on the 15th February, 1865; $6,000 on the 15th March, 1865; and $3,000 when the first vessel is completed, and the remainder when the second vessel is completed. I also agree to complete one set of machinery in the space of two months, and the other in three months.
“ $18,000 for the two boats. (Signed) ,
War. Godding. D. Negrotto.
A. Reimoneng. J. Yiosoa, Jr. ”
The plaintiff had the steamer America sequestered, on the ground.of his privilege.
The defendants moved to dissolve the sequestration, on the- ground that the sureties on the bond were insufficient, and not such- as - the law requires,
*456 The two sureties, being called as witnesses, testified that after the payment of their debts, they were worth the amount of the bond, $19,000; but the defendants objected to the testimony, on the ground that the Court was the judge of their solvency, and not the witnesses. The Court did not err in admitting the evidence. Defendants’counsel asked one of said sureties, what was the amount of capital he put in the firm, and what was the capital of the firm; the (Jourt properly rejected the evidence as irrelevant. The motion was overruled.
The defendants excepted to the petition, on the ground that the allegations were too vague and general, and showed no cause of action.
This exception was met and answered' by the plaintiff, who filed, with leave of the court, a supplemental petition, to which he annexed the bill for the steam-engines and machinery furnished, and the contract as a part of said petition.
The answer of the defendants pleads the general issue; specially denies that plaintiff put in the vessel a propeller machinery of the description and dimensions stated in the contract. It avers that the machinery was defective and insufficient.
The defendants reconvene, in alleging that through the defectiveness of said machinery they have suffered the loss of said vessel, which is worth $10,000, and that they have paid plaintiff $3,000, and they also allege other damages to the amount of $15,600.
They pray in reconvention for a judgment for $28,600, and that plaintiff’s demand be dismissed.
On trial, plaintiff offered in evidence the testimony of W. H. Shock, taken under commission; the defendants objected, on the ground that there was no proof showing that the said witness was not in the jurisdiction of the court, and could not have been made to appear before the jury. The Court overruled the objection, because of the affidavit to obtain the commission and the statement of the witness, that he is employed in the United States navy. The Court did not err.
Defendants also objected to witnesses offered by plaintiff, to prove that a twelve-inch cylinder is better than a ten-inch cylinder, on the ground that no allegation in the petition authorized the proof, and the proof is contradictory to the allegations of the petition. The Court properly overruled the objection. The proof was admissible, and the objection went to its effect, of which the jury were the proper judges, under the contract and pleadings.
The defendants also objected to the testimony of Taylor, to show that plaintiff had begun and partially, completed another engine, besides the one alleged to have been furnished to steamer America, on the ground that the allegations in the petition did not authorize the proof. The Court properly admitted the evidence. The contract is annexed to, and makes a part of, the supplemental petition, which authorized the proof.
After the introduction of the evidence, the case was submitted to a jury, who found the following verdict:
“We, the jury, find for the plaintiff a verdict for ($12,000) twelve thousand dollars, with interest from judicial demand, and costs, and against defendants.”
*457 A motion for a new trial being overruled, the Court gave judgment accordingly, and in solido against defendants.
We now come to the merits.
A mass of evidence was introduced on the part of plaintiff, to show that he had complied with his contract in furnishing an engine, etc., to the steamer America; and on the part of the defendants to show the contrary, and that the work and materials were defective, etc. , There are here none but matters of facts. The testimony is very conflicting and contradictory, and in such a case as that the verdict of the jury, concurred in by the Judge, must have weight. Hen. 1 vol. p. 92, (6.)
So we are satisfied, under the verdict of the jury, that plaintiff -has complied with his contract, so far as the steamer America is concerned, and that defendants have failed in their defence to prove the contrary or that the work and materials were defective.
But this suit is brought against the steamer America, upon the following bill:
“ New Orleans, May 5, 1865.
Steamer America and owners, debtors to Wm. Golding for machinery complete as per contract, $12,000.”
In the contract upon which this account is founded, plaintiff bound himself to furnish and erect for defendants:
For each vessel, one tubular boiler 48 inch shell and 14 feet long;' 2 engines, 10-inch cylinder, 8-feet stroke, with all the appurtenances pertaining thereto complete * * * to furnish all the iron-work in connection with the machinery * * * the diameter of the wheels to be 16 feet; breadth of buckets 4 feet * * * for and in consideration of $18,000. ’ •
The engine and machinery, boiler, cylinder, buckets, wheels, etc., were to be similar in every respect, size and proportions, and workmanship for each vessel. Therefore, the price for each vessel should be equal. The suit is brought, under this contract, against the steamer America; there is no allegations or proof that this vessel should be charged with $12,000 instead of $9,000, under the contract, which is one-half.
We are of opinion that the verdict of the jury should have been for $9.000.
The defendants complain that the jury did not pass upon their recoii- ' ventional demand. We believe otherwise. This suit is brought for the price of engine, machinery, etc. The defendants plead that plaintiff'did not comply with his contract, that the engine, machinery, etc., were defective, and that in consequence they have suffered damages, for which ' they pray judgment. The jury, in giving verdict for plaintiff in full, 'virtually and necessarily negative and reject defendants’ demand in damages'; for if plaintiff has performed his part of the contract he is not in default, and owes no damages to the defendants; the consequence is irresistible. 6 A. 222.
The defendants also complain that this was a joint contract, and- that they are not bound in solido as decreed. This is legally correct; They were not commercial partners at the time, and this contract did not make them so. Besides, the defendants are not sued as commercial partners.
*458 It is therefore ordered, adjudged and decreed that the judgment appealed from be reduced to nine thousand dollars, which the defendants are decreed to pay jointly instead of in solido; and that as amended the said .judgment be affirmed, and the plaintiff and appellee to pay costs of appeal.